|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | CENTRAL DISTRICT OF CALIFORNIA |
| | WESTERN DIVISION |

| | |
|---|---|
| KING SOL OM ON SEKHEMRE EL NETER,<br><br>          Petitioner,<br><br>    v.<br><br>ALEX VILLANUEVA, Sheriff,<br><br>          Respondent. | Case No. 2:20-cv-00542-JFW-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## BACKGROUND

On January 17, 2020, the Court received a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, purportedly on behalf of King Sol Om On Sekhemre El Neter ("Petitioner"). Dkt. 1 ("Petition" or "Pet."). On the Petition form, Petitioner did not check boxes indicating he was in custody as a pretrial detainee or having been sentenced; instead, Petitioner checked "other" and explained "under threat duress and coercion of an involuntary commitment to a state hospital." Pet at 1 (CM/ECF pagination is used herein to page references in the Petition). He further asserts the sole challenge raised

by the Petition is to "the validity of lawful jurisdiction." Id. at 2. According to other allegations in the Petition and state court records available electronically,[1] Petitioner is a pretrial detainee at Twin Towers Correctional Facility ("Twin Towers") on state criminal charges in Los Angeles County Superior Court Case No. TA147092, with "further proceedings" having taken place as recently as January 16, 2020. Pet. at 1, 6; Los Angeles County Superior Court ("Superior Court Website") at www.lacourt.org. The Petition asserts constitutional violations arising from Petitioner's arrest, detention, and the conditions of his confinement. Pet. at 4-7.

    A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

    Pursuant to Rule 4 of the Habeas Rules, the Court has conducted a preliminary review of the Petition and finds it is subject to dismissal for the reasons explained below.

/ / /

---

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

## II.
## PETITIONER'S CLAIMS

1. Petitioner is "unlawfully restrained as a foreigner to the State of California 'Diversity of Citizenship' (28 USCA 1332) 13TH AMEND." Pet. at 4. In support, Petitioner alleges that the "complaint" by Plaintiff against Defendant, which the Court interprets to refer to the underlying state criminal action, names "merely a fictitious party whom no cause of action can be validly alleged"; there is no "legitimate proof" that "Petitioner is a contractor in the State of California"; and the "state proceedings are being undertaken in bad faith with intentions to harass and trespass on the Petitioner[']s estate when there is no valid commitment, an invalid plea was procured by fraud after . . . [a] special appearance to challenge jurisdiction. Id.

2. "Petitioner's [First] Amendment, Right to Privacy, Freedom of Choice, Free Exercise, and Faith and Healing Exemption is invaded by an invalid civil commitment." Pet. at 5. In support, Petitioner alleges jurisdiction is lacking for his detention as he does not have a mental health disorder and is not a danger to himself of others and, as a foreign national, is entitled to "faith healing exemption without interruption or the invasion of privacy rights." Id.

3. Petitioner's "unlawful detention is a result of a repetitive 'breach of due process' though a defective pleading and procedural requirements." Pet. at 6. In support, Petitioner alleges that after his Fifth Amendment due process rights were violated by an unlawful seizure, "a continuing breach became a pattern" due to coercion during the booking process and his "invalid commitment" to a state hospital stemming from a void indictment procured by fraud. Id. Petitioner further claims that at his arraignment, he filed a demurrer while overcoming an attempt by a bailiff to swindle him, part of a court conspiracy against him. Id. Petitioner further claims he entered an involuntary plea to charges unsupported by a probable cause determination and was fraudulent denied a timely preliminary hearing. Id.

4. "Petitioner is falsely imprisoned as a result of a malicious arrest without probable cause by deadly force (unlawful seizure 4th Am.)." Pet. at 7. In support, Petitioner references various "reports" regarding investigations of "the malicious arrest by way of deadly force" and testimony at "the preliminary hearing" regarding the use of a taser ten time upon Petitioner, five times with a "dry stun." Id.

## III.

## DISCUSSION

### A. The Court Must Abstain from Interfering with Petitioner's Ongoing State Prosecution

Many of Petitioner's claims challenge aspects of his ongoing state criminal proceedings. Petitioner appears to challenge whether there was probable cause for his arrest on the pending charges, whether he received appropriate due process protections in ongoing state criminal proceedings, a state court mental competency determination and what Petitioner, who resides at Twin Towers, calls the "threat, duress and coercion of an involuntary commitment to a state hospital," and the use of force during his arrest, which would potentially implicate the charges against him for assault with a deadly weapon or by means likely to produce great bodily injury upon the person of a peace officer or firefighter in violation of Cal. Penal Code § 245(c). See Superior Court Website. To the extent Petitioner challenges ongoing state criminal proceedings, the Court must abstain from hearing such challenges.

"Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried." Fritz v. Cty. of Los Angeles CA, 2012 WL 5197971, at *2 (C.D. Cal. Oct. 18, 2012) (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S.

484, 488-93 (1973)); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (as amended). However, as the Supreme Court has explained, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489.

Principles of comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention applies to both attempts to preclude and/or stay criminal prosecutions and attempts to obtain more limited or piecemeal intervention in state criminal actions. See, e.g., Kugler v. Helfant, 421 U.S. 117, 130 (1975) (explaining that Supreme Court precedent establishes that "at least in the absence of 'extraordinary circumstances' federal courts must refuse to intervene in state criminal proceedings to suppress the use of evidence claimed to have been obtained through unlawful means"); Dubinka v. Judges of the Superior Court of Cal. for the Cty. of L.A., 23 F.3d 218, 223-26 (9th Cir. 1994) (concluding that a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained). Abstention principles generally require federal courts to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises an affirmative defense to a state prosecution unless (1) the state proceedings are being undertaken in bad faith or to harass, where there is no "hope of obtaining a valid conviction," or (2) "in other extraordinary circumstances where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (citation omitted); see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435-37 (1982). Irreparable injury alone, however, is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. See Younger, 401 U.S. at 46.

5

In this case, abstention appears appropriate because all the Younger abstention requirements are met. As noted, Petitioner's state criminal proceedings are ongoing. Petitioner is in pretrial custody on the criminal charges for which he is detained. Second the state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 51-52, and as such, the state proceedings implicate important state interests. Third, Petitioner has an adequate opportunity to raise his federal habeas claims in his pending state proceedings. Finally, there is nothing to indicate the circumstances of Petitioner's case fall within any recognized exception to the Younger doctrine.

The Court further notes that, although there is no statutory exhaustion requirement for Section 2241 actions, federal courts have imposed a prudential exhaustion requirement. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions." Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Here, it appears Petitioner has not sought any relief in the California Court of Appeal or California Supreme Court. See Pet. at 3-4 (identifying only "appeals" or grievances sent to the ALCU, this Court, and the State Bar of California). Given Petitioner's failure to seek any relief in the state courts, considerations of comity and federalism preclude Petitioner from proceeding to federal court without first exhausting his claims in state court. See Fritz, 2012 WL 5197971, at *4 ("Federalism and comity concerns preclude Petitioner's attempt to proceed in federal court without first affording the state courts the opportunity to consider his claims and provide any relief that is appropriate.").

Thus, Younger abstention is appropriate to the extent the Petition challenges an aspect of Petitioner's underlying state criminal proceedings.

When <u>Younger</u> applies, and the petitioner seeks injunctive relief, as the Petition does here by challenging "lawful jurisdiction" of the state court, the Court has no discretion to grant such relief. See <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 816 n.22 (1976); <u>Garrison v. California</u>, 2018 WL 2106488, at *2 (N.D. Cal. May 7, 2018).

### B. Petitioner's Civil Rights Claims Should Be Dismissed

The remaining claims in the Petition (and to the extent the excessive force claim does not challenge Petitioner's underlying criminal proceedings) do not fall within "the core of habeas corpus," and as such, they are properly raised, if at all, in a civil rights action, not a habeas petition.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration fall within the "core" of habeas corpus. <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006); <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004). "By contrast, constitutional claims that merely challenge the conditions of prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance." <u>Nelson</u>, 541 U.S. at 643; <u>Hill</u>, 547 U.S. at 579; <u>Nettles v. Grounds</u>, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (concluding that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus"). Thus, if success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, under 42 U.S.C. § 1983. <u>Nettles</u>, 830 F.3d at 935 (citing <u>Skinner v. Switzer</u>, 562 U.S. 521, 535 n.13 (2011)); see also <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003).

Here, although it is not entirely clear, it appears Petitioner's claims regarding the denial of his First Amendment rights, right to privacy, freedom of choice, free exercise, and "faith healing exemption" all relate to the conditions of his confinement. Success on these claims would not result in an immediate or speedier release from custody, despite the relief being sought in the Petition. See Nettles, 830 F.3d at 933 (explaining that "prisoners may not challenge mere conditions of confinement in habeas corpus"); Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012) (finding claims on conditions of confinement were properly brought in a civil rights action despite the relief sought); Stephens v. Cty. of San Bernardino, 2019 WL 1412123, at *1 (C.D. Cal. Feb. 20, 2019) (concluding that conditions of confinement claims must be brought in Section 1983 action regardless of the petitioner's request for release from custody), Report and Recommendation accepted by 2019 WL 1406954 (C.D. Cal. Mar. 27, 2019); Crane v. Beard, 2017 WL 1234096, at *4 (C.D. Cal. Apr. 3, 2017) (finding that claims challenging the petitioner's conditions of confinement were not cognizable on federal habeas review). As such, these claims do not fall within "the core of habeas corpus" and Petitioner must instead pursue these claims, if at all, in a Section 1983 action.

**C.** **Converting the Petition into a Civil Rights Complaint is Not Warranted**

The Court recognizes that there are some circumstances in which it may be appropriate for a district court to convert a non-cognizable habeas petition into a civil rights complaint under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 935-36 (involving a 28 U.S.C. § 2254 petition). However, the Court finds that this action is not amenable for such conversion for a number of reasons. First, simultaneously proceeding with habeas and civil rights claims in a single action likely is improper. See Malone v. Calderon, 165 F.3d 1234, 1236-37 (9th Cir. 1999) (declining to consolidate federal habeas and civil rights actions,

stating that "the risk of confusion of the issues inherent in consolidation of the habeas and civil rights cases weighs against consolidation"). Here, the civil rights claims relate to conditions of, and Petitioner's treatment in, county jail, while his potential habeas claims appear to relate to his ongoing state criminal proceedings. The Court determines that proceeding in a single action with both sets of claims is not warranted. See McGowan v. Hendrick, 2014 WL 791802, at *3 (C.D. Cal. Feb. 19, 2014) (declining to convert habeas petition into civil rights action where operative pleading contained both civil rights and habeas claims). Second, prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings. The petition must be amenable to conversion "on its face," that is, it must name the correct defendants and seek the correct relief. See Nettles, 830 F.3d at 936. As noted, Petitioner would not be entitled to the relief sought based on the allegations regarding his conditions of confinement. See Stephens, 2019 WL 1412123, at *1 (explaining that an appropriate remedy on claims relating to the conditions of confinement would be in the form of damages or a change in conditions, not release). Further, the Petition names only the Sheriff Alex Villanueva as the respondent. It is unclear whether the Sheriff would be the appropriate defendant in a civil rights action based on the allegations in the Petition. Third, as pled, Petitioner's claims potentially would be subject to dismissal for failure to state a claim upon which relief may be granted, which could subject him to a "strike" under 28 U.S.C. § 1915(g).

## IV.

## ORDER

Because the Court must abstain from hearing any habeas claims challenging Petitioner's ongoing state criminal proceedings and should decline to consider Petitioner's civil rights claims in this action, it appears that the Petition is subject to dismissal. It also appears, for the reasons set forth above,

that leave to amend is not warranted. See, e.g., <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."); <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (holding that there was no need to prolong litigation by permitting amendment where the "basic flaw" in the pleading could not be cured).

Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response <u>by no later than thirty (30) days from the date of this Order</u> which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed.

Instead of filing a written response to the matters addressed in this Order, Petitioner may voluntarily dismiss the action by filing a Notice of Dismissal under Federal Rule of Civil Procedure 41(a)(1). <u>The Clerk is directed to send Petitioner a Central District Request for Dismissal form</u>.

**The Court warns Petitioner that failure to timely file a response to this Order will result in a recommendation that this action be dismissed without prejudice for the reasons explained above, and for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b).

Dated: January 24, 2020

_____
JOHN D. EARLY
United States Magistrate Judge